NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000318
28-MAR-2024
08:33 AM
Dkt. 69 SO

NO. CAAP-18-0000318

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STEVEN D. STRAUSS, Plaintiff-Appellant,
v.
SUSAN DIERDORFF, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D No. 08-1-0360)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant Steven D. Strauss (**Strauss**) appeals from the (1) January 30, 2018 "Findings of Facts [sic] and Conclusions of Law; Order and Exhibit A"; and (2) March 12, 2018 "Decree Granting Absolute Divorce" (**Divorce Decree**), both filed and entered by the Family Court of the Third Circuit (**Family Court**), ordering Strauss to make an equalization payment of $47,724.50 to Defendant-Appellee Susan Dierdorff (**Dierdorff**).[1]

On appeal, Strauss contends[2] that the Family Court erred by failing to credit him for payments he made during his

---

[1] The Honorable Peter Bresciani presided.

[2] Strauss's four points of error have been consolidated and restated for clarity.

separation from Dierdorff and by adjusting the equalization payment accordingly;[3] and he also challenges findings of fact (**FOFs**) 8, 9, and 10, and conclusions of law (**COLs**) 5 and 6 in this regard.[4]

---

[3] Strauss seeks credit for payments made toward the "mortgage," "maintenance, repairs, and improvements" to the marital home; payments made toward "marital debts"; "advances of the marital estate assets"; and "child support and educational expenses" for their daughter.

[4] The challenged FOFs and COLs state:

FINDINGS OF FACTS: [sic]

. . . .

8. There is no court order or agreement between the parties as to the [sic] any credit or offset for the debts paid by [Strauss] after separation and prior to the date of trial.

9. There was no court order or agreement between the parties as to any credit or offset for moneys given to [Dierdorff] by [Strauss] after separation and prior to the date of trial.

10. There was no court order or agreement between the parties as to any credit or offset for the support and educational expenses provided to the the [sic] parties [sic] daughter after separation and prior to the date of trial.

. . . .

CONCLUSIONS OF LAW

. . . .

5. None of the post separation debt paid by [Strauss], none of [sic] post separation money given to [Dierdorff] after separation and none of the support and educational expenses provided by [Strauss] to the parties' daughter shall be offset against the equalization payment due the [sic] [Dierdorff]. Myers v. Myers[,] 70 Haw. 143 (1988)[;] Gordon v. Gordon, 135 Hawaiʻi 340 (2015).

6. Per the Muroaka [sic] worksheet, Exhibit A, the court awards an equalization payment of $47,724.50 to [Dierdorff].

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Strauss's contentions as follows, and vacate and remand.

"We review the family court's final division and distribution of the estate of the parties under the abuse of discretion standard, in view of the factors set forth in Hawai‘i Revised Statutes (**HRS**) § 580-47 and partnership principles." Selvage v. Moire, 139 Hawai‘i 499, 506-07, 394 P.3d 729, 736-37 (2017) (cleaned up).  A family court's FOFs "are reviewed under the clearly erroneous standard, while the court's [COLs] are reviewed de novo under the right/wrong standard." Gordon v. Gordon, 135 Hawai‘i 340, 348, 350 P.3d 1008, 1016 (2015) (citation omitted).

**The Family Court did not deviate from the partnership model.**

Strauss argues that "[u]nder the partnership model" applied by Hawai‘i courts, "a partner is entitled to appropriate credit for payment of marital debts such as mortgages, debts, and credit cards."  Strauss contends that the Family Court "fail[ed] to identify or provide any basis and/or analysis to deviate" from the marital partnership model, with regard to the credits sought by Strauss.

"Hawai‘i case law follows a framework based on partnership principles that provides guidance for family courts in dividing marital partnership property."  Id. at 349, 350 P.3d at 1017 (citations omitted).  Hawai‘i courts use five categories to assign values to marital partnership property to determine the equitable division and distribution of property between spouses, and Category 5 is at issue here.  Id. "Category 5 includes the net market value of the remaining

marital estate at the conclusion of the evidentiary part of the trial."  Id. (citation omitted).  "The value of Category 5, which is the net profit or loss of the marital partnership after deducting the other four categories, is to be divided equally unless equitable considerations merit deviation."  Id. at 350, 350 P.3d at 1018 (citation omitted).  "In other words, the value[ ] of . . . Category 5 [is] awarded one-half to each spouse absent equitable considerations justifying deviation from a 50/50 distribution."  Id. (citation omitted).

Here, the record reflects that the Family Court used a "Muraoka" Chart,[5] to show how the equalization payment was calculated.  The chart reflects that the Family Court treated all assets and debts in the chart as Category 5 marital partnership property.[6]  The Family Court calculated the net market value of the marital partnership to be $167,285.01, and divided that amount in half to $83,642.51.  The Family Court calculated Strauss's net worth as $131,357.00, and Dierdorff's net worth as $35,928.01, resulting in Strauss owing an equalization payment of $47,724.50.  There was no evidence presented, and Strauss does not point to any on appeal, that any agreement existed between the parties regarding the payments Strauss made during the separation.  "[I]f there is no agreement between the [spouses] defining the respective property interests, partnership principles dictate an equal division of the marital estate 'where the only facts proved are the marriage itself and the existence of jointly owned

---

[5]    What the Family Court referred to as a "Muraoka" Chart appears to be a Property Division Chart.  In Muraoka v. Muraoka, 7 Haw. App. 432, 438-39, 776 P.2d 418, 422-23 (1989), this court was unable to review whether the family court abused its discretion in the division and distribution of the assets and debts of the parties, and directed that the family court clearly outline the distribution and division of the property.

[6]    Strauss does not dispute that there was premarital separate property or property acquired by gift or inheritance during the marriage.

property.'"  Gordon, 135 Hawaiʻi at 350, 350 P.3d at 1018
(quoting Helbush v. Helbush, 108 Hawaiʻi 508, 513, 122 P.3d 288,
293 (App. 2005)).  Thus, the Family Court did not "deviate"
from the marital partnership model, when it awarded one-half of
the net market value of the partnership property, and found no
agreement between Strauss and Dierdorff regarding the payments
Strauss made during their separation.  See id.  Thus, FOFs 8,
9, and 10 were not clearly erroneous.  Id. at 348, 350 P.3d at
1016.

**The Family Court's failure to identify and analyze whether any equitable considerations existed to justify a deviation from the partnership model constituted an abuse of discretion.**

Strauss argues that the Family Court "abused its
discretion . . . by failing to credit" Strauss for the
various payments Strauss made when it made "no finding to
deviate from marital partnership principles."

A family court must follow the steps set forth
under the partnership model of property division to
determine whether to grant a deviation:

> The partnership model requires the family court to first
> find all of the facts necessary for categorization of the
> properties and assignment of the relevant net market
> values. Second, the court must identify any equitable
> considerations justifying deviation from an equal
> distribution. Third, the court must decide whether or not
> there will be a deviation, and in its fourth step, the
> court decides the extent of any deviation.

Selvage, 139 Hawaiʻi at 509, 394 P.3d at 739 (emphases added)
(quoting Gordon, 135 Hawaiʻi at 350, 350 P.3d at 1018).  In
Selvage, the Hawaiʻi Supreme Court remanded the case back to the
family court because despite the appellant's request for a
deviation, the record was silent as to whether the family court
considered any equitable considerations that may have justified

a deviation from the equal distribution.  Id. (holding that the "family court failed to comply with the second part of the Gordon analysis").  The supreme court explained that when determining whether a deviation is warranted, a family court must consider  "[t]he respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, . . . and all other circumstances of the case."  Id. at 509-10, 394 P.3d at 739-40 (citation omitted); see HRS § 580-47(a) (2018) (court shall consider the "condition in which each party will be left by the divorce").

Here, the record reflects that Strauss requested credits for various categories of payments he made during the separation, for the marital home, expenses for their daughter, and to Dierdorff.  These credits, if allowed by the Family Court, would necessitate a deviation from the equal distribution under the marital partnership model.  Dierdorff argued below that Strauss "has the ability to be a higher wage earner" and that she "survives month to month in a service industry that fluctuates."  Strauss, however, testified that he modified his work hours to "half time" due to significant health issues.  According to the Property Division Chart, after the current equal property division, Strauss would be left with greater debt, and illiquid assets, namely the house, which Dierdorff noted has "deferred maintenance issues . . . ."  COLs 5 and 6 reflect the Family Court rejected Strauss's request for a deviation, but do not reflect whether the Family Court identified and analyzed any equitable considerations to determine whether a deviation from equal distribution was warranted.  See Selvage, 139 Hawaiʻi at 509-11, 394 P.3d at

6

739-41; <u>Hamilton v. Hamilton</u>, 138 Hawaiʻi 185, 205, 378 P.3d 901, 921 (2016) (remanding where family court "could have found equitable considerations justifying departure from an equal distribution of partnership property" where one spouse "had virtually no assets and would be left without a home").  We thus conclude that the Family Court abused its discretion in this regard.

For the foregoing reasons, we vacate the (1) January 30, 2018 "Findings of Facts [sic] and Conclusions of Law; Order and Exhibit A"; and (2) March 12, 2018 "Decree Granting Absolute Divorce," both filed and entered by the Family Court of the Third Circuit.  We remand for further proceedings consistent with this order.

DATED:  Honolulu, Hawaiʻi, March 28, 2024.

On the briefs:

Douglas L. Halsted,
for Plaintiff-Appellant.

Susan Dierdorff,
Self-represented Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge